Filed 8/6/24  P. v. Vera CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM VERA,<br><br>Defendant and Appellant. | F086383<br><br>(Super. Ct. No. VCF039282-97)<br><br>**MODIFICATION OF OPINION AND DENIAL OF REHEARING**<br><br>**[NO CHANGE IN JUDGMENT]** |

**THE COURT:**

It is ordered that the opinion filed on July 9, 2024, be modified as follows:

1.　　On page 6, at the end of the sentence that states:  "We invited appellant to submit additional briefing, and he filed a supplemental brief and letters raising several issues," add the following footnote No. 4:

In his letter brief on appeal, appellant cites numerous legislative enactments and statutes, without analysis or discussion, that purportedly support his appellate contentions.  These provisions are not relevant to a section 1172.6 petition for resentencing and are not cognizable in this appeal from the trial court's denial of that petition.

This modification does not effect a change in judgment.

The petition for rehearing is denied.

FRANSON, Acting P. J.

WE CONCUR:


SMITH, J.


DE SANTOS, J.

2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILLIAM VERA,<br><br>    Defendant and Appellant. | F086383<br><br>(Super. Ct. No. VCF039282-97)<br><br>**OPINION** |

**THE COURT**\*

APPEAL from an order of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*    Before Franson, Acting P. J., Smith, J. and DeSantos, J.

# INTRODUCTION

In 1997, appellant and defendant William Vera (appellant) was convicted after a jury trial of first degree murder and assault with great bodily injury and a deadly weapon, with prior conviction allegations. The trial court granted his motion to reduce the first degree murder conviction to second degree murder, and imposed the second strike term of 12 years plus 30 years to life.

In 2023, the trial court denied appellant's motion for resentencing of his second degree murder conviction pursuant to Penal Code[1] section 1172.6 for failing to state a prima facie case. On appeal, appellate counsel filed a brief that summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436. Appellant filed a supplemental brief. We have reviewed his contentions and affirm.

# PROCEDURAL BACKGROUND

On July 10, 1997, an information was filed in the Tulare County Superior Court charging appellant with committing the following offenses on or about March 2, 1997: count 1, murder of Abel Castro (§ 187, subd. (a)), with the special allegation that appellant personally used a dangerous or deadly weapon, a knife, in the commission of the offense (§ 12022, subd. (b)); and counts 2 and 3, assault with great bodily injury and a deadly weapon, a knife, on, respectively, AC and NC (§ 245, subd. (a)(1)). It was further alleged he had one prior strike conviction (§ 1170.12, subd. (c)(1)) and one prior serious felony conviction enhancement (§ 667, subd. (a)).

On September 8, 1997, appellant's jury trial began.

---

[1] All further statutory citations are to the Penal Code.

## Instructions[2]

The trial court instructed the jury with CALJIC No. 8.10, that defined murder with malice aforethought; CALJIC No. 8.11, that defined express and implied malice; CALJIC No. 8.20, that defined willful, premeditated, and deliberate first degree murder; and CALJIC No. 8.30, that unpremeditated murder was second degree murder.

The jury was instructed that second degree murder, voluntary manslaughter, and involuntary manslaughter were lesser included offenses of first degree murder; manslaughter based on sudden quarrel or heat of passion; and that the actual but unreasonable belief in self-defense could reduce murder to manslaughter.

The jury was also instructed on the special allegation as to count 1, murder, that appellant personally used a deadly or dangerous weapon, and that he must have "intentionally displayed a weapon in a menacing manner … or intentionally struck or hit a human being with it."

The jury was instructed on the complete defenses of justifiable homicide, self-defense, and defense of another.

The jury was not instructed on the felony-murder rule, aiding and abetting, the natural and probable consequences doctrine, target or nontarget offenses, or any other theories of imputed malice.

## Verdict and Sentencing

On September 24, 1997, appellant was convicted of count 1, first degree murder (§ 187, subd. (a)), and that he personally used a deadly or dangerous weapon (§ 12022, subd. (b)); and count 2, assault with great bodily injury and a deadly weapon on AC. He was found not guilty of count 3, assault on NC. After a bifurcated trial, the trial court found the prior conviction allegations true.

---

[2] The jury instructions from appellant's trial are part of the instant record on appeal.

On October 14, 1997, appellant filed a motion and argued there was insufficient evidence of premeditation to support first degree murder, and moved for either a new trial or modification of count 1 to second degree murder. The People filed opposition.

On October 22, 1997, the trial court denied appellant's motion for new trial but granted his motion to modify the verdict, and reduced his first degree murder conviction to second degree murder.

On October 27, 1997, the trial court denied appellant's motion to dismiss the prior strike conviction. Appellant was sentenced to an aggregate determinate term of 12 years plus 30 years to life as follows: as to count 2, the midterm of three years, doubled to six years as the second strike term, plus five years for the prior serious felony enhancement (§ 667, subd. (a)); and as to count 1, a consecutive term of 15 years to life, doubled to 30 years to life as the second strike term, plus one year for the deadly weapon enhancement.

**Direct Appeal**

On January 19, 2000, this court filed the nonpublished opinion in appellant's direct appeal. (*People v. Vera*, Jan. 19, 2000, F029675.) We rejected appellant's claims of evidentiary and instructional errors, and prosecutorial misconduct. We agreed with the parties that appellant's prior strike allegation was based on a juvenile adjudication, and remanded for retrial on that allegation and possible resentencing.

**Remand and Resentencing**

On October 13, 2000, the trial court held another bifurcated trial on the truth of the prior strike conviction allegation, and found it was true.

On October 19, 2000, the trial court denied appellant's motion to dismiss the prior strike conviction, and reimposed the same second strike sentence of 12 years plus 30 years to life. On August 23, 2001, the court filed an amended abstract of judgment to correct the calculation of appellant's credits. The judgment was affirmed on appeal, and

4

appellant's petition for review was denied. (*People v. Vera* (Jan. 24, 2003, F037358) [nonpub. opn.].)

## PETITION FOR RESENTENCING

On November 7, 2022, appellant filed, in propria persona, a petition for resentencing of his second degree murder conviction pursuant to Senate Bill No. 1437 (2017–2018 Reg. Sess.) and other legislation. Appellant alleged he was not "personally responsible" for the offenses, he received a "disproporti[o]nate sentence" because he had "a [m]edical condition that was not properly handled," and he was prosecuted under the felony-murder rule. Appellant also asserted he was actually innocent, there were numerous evidentiary errors at his jury trial, and he was subject to a vindictive and retaliatory prosecution by the prosecutor and the judge.

On December 20, 2022, the trial court appointed the public defender to represent appellant and set the matter for a hearing.[3]

### The Prosecution's Opposition

On April 3, 2023, the prosecution filed opposition and argued appellant was ineligible for resentencing as a matter of law because the jury instructions showed he was convicted based on his own intent to kill, and the jury was not instructed on the felony-murder rule or the natural and probable consequences doctrine.

On April 5, 2023, the trial court granted the public defender's motion to withdraw because of a conflict, appointed conflict counsel to represent appellant, and continued the matter.

---

[3] Appellant previously filed three petitions for resentencing, in propria persona. The trial court did not make any legal determinations or prima facie findings on the prior petitions, but summarily denied them because appellant failed to comply with proof of service requirements.

**The Trial Court's Denial of the Petition**

On April 13, 2023, the trial court held a hearing on appellant's petition and the parties submitted that matter. The court denied the petition for failing to state a prima facie case, and found the jury was not instructed on the natural and probable consequences doctrine and appellant was convicted as the actual perpetrator.

On June 2, 2023, appellant filed a timely notice of appeal.

## DISCUSSION

As explained above, appellate counsel filed a brief with this court pursuant to *Delgadillo* and *Wende*. The brief also included counsel's declaration that appellant was advised he could file his own brief with this court. We invited appellant to submit additional briefing, and he filed a supplemental brief and letters raising several issues.

## I. Trial, Evidentiary and Sentencing Issues

In his supplemental brief, appellant raises numerous evidentiary and procedural allegations about his jury trial, conviction, and sentence; that there was no evidence to show he was the actual killer or that he handled the weapon; his fingerprints were not on the weapon; witnesses gave inconsistent, inaccurate, and false testimony; appellant was not allowed to testify at trial; alibi evidence was not considered; physical evidence was introduced that was the result of fraud and deceit; the prior strike conviction should have been dismissed; his plea in the underlying prior conviction was the result of duress; and various attorneys were "bribed" by Tulare County.

Appellant's allegations arising from his trial, conviction, and sentencing are not cognizable in a section 1172.6 petition. "The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings. To the contrary, '[n]othing in the language of section [1172.6] suggests it was intended to provide redress for allegedly erroneous prior factfinding.… The purpose of section [1172.6] is to give defendants the

6

benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.' " (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)

## II.  The Trial Court's Prima Facie Finding

Also in his supplemental brief, appellant contends the trial court improperly denied his section 1172.6 petition for resentencing by making factual findings that he was the actual killer, in violation of *People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*).

"A petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that (1) the petitioner was the actual killer, or (2) the petitioner was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree, (3) the petitioner was a major participant in the underlying felony and acted with reckless indifference to human life, or (4) the petitioner acted with malice aforethought that was not imputed based solely on participation in a crime." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14 (*Lopez*).)

In making the prima facie determination, a petitioner is ineligible for resentencing "as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations," that the petitioner could still be convicted after the amendments to sections 188 and 189.  (*Lopez, supra*, 78 Cal.App.5th at pp. 13–14.)  "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis, supra*, 11 Cal.5th at p. 972.)

"The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The record of conviction includes the jury instructions and verdicts. (*Lopez*, *supra*, 78 Cal.App.5th at pp. 13–14; *People v. Ervin* (2021) 72 Cal.App.5th 90, 99; *People v. Jenkins* (2021) 70 Cal.App.5th 924, 935.)

To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 957, 974–975; *People v. Watson* (1956) 46 Cal.2d 818, 836.)

### *Analysis*

The record of conviction in this case consists of the jury instructions and verdicts, and establishes appellant was ineligible for resentencing as a matter of law. Appellant was charged with murder. The jury was instructed on first and second degree murder, express and implied malice, and the defense theories of justification and self-defense. The jury was not instructed on the felony-murder rule, aiding and abetting, the natural and probable consequences doctrine, target or nontarget offenses, or any other theories of imputed malice. The jury convicted appellant of first degree murder. Appellant moved to reduce the conviction to second degree murder and argued there was insufficient evidence of premeditation. The trial court granted the motion and reduced the offense to second degree murder.

At the prima facie hearing on appellant's petition, the trial court stated it was denying the petition because the jury was not instructed on the natural and probable consequences doctrine, and appellant was convicted as the actual perpetrator. The court could have reached the conclusion that appellant was convicted as the actual perpetrator

8

based on the instructions and verdict since there were no instructions on aiding and abetting. However, to the extent the court erroneously made any factual findings when it denied appellant's petition, the error was not prejudicial because he was ineligible for resentencing as a matter of law since the jury was not instructed on any imputed malice theories. (*Lewis*, *supra*, 11 Cal.5th at pp. 957, 974–975; *People v. Watson*, *supra*, 46 Cal.2d at p. 836.)

### III. Appellant's Pending Motions

During the pendency of this appeal, appellant has filed, in propria persona, several motions and letters requesting free copies of various trial transcripts and records, which this court has denied.

On April 9, 2024, we denied appellant's motion for judicial notice of certain transcripts because he failed to show the relevance of the transcripts, and we further ordered that he was not entitled to free copies. On May 13, 2024, appellant filed a petition for review of this ruling with the Supreme Court. On June 18, 2024, the Supreme Court denied his petition for review.

On May 31, 2024, appellant filed a motion with this court to take judicial notice of certain pages from the transcript of his trial for the testimony of a certain witness. On June 13, 2024, while his petition for review was pending, appellant filed another motion with this court, again complaining that his prior requests for free copies of certain records had not been granted.

We hereby deny both pending motions. As explained above, appellant cannot use a section 1172.6 petition to raise claims of evidentiary or legal errors that allegedly occurred at his trial, and his request for judicial notice of trial testimony is not relevant in this appeal. We have already denied his previous motions for free copies of certain records, the Supreme Court denied his petition for review of those prior rulings, and we again deny his request.

9

## **<u>DISPOSITION</u>**

Appellant's motion for judicial notice of excerpts from the trial record, and requests for free copies of the records, are denied.

The trial court's order of April 13, 2023, denying appellant's petition for resentencing, is affirmed.